**UNITED STATES of America,**
**Appellee,**

v.

**Juan DeJESUS–ABAD, also known as "Nine–Two," also known as "Code Nine–Two," Defendant–Appellant.**

**Docket No. 00–1596.**

United States Court of Appeals,
Second Circuit.

Argued May 22, 2001.

Decided Aug. 23, 2001.

---

Mark Diamond, New York, NY, for Appellant.

Paul B. Radvany, Assistant United States Attorney (Mary Jo White, United States Attorney for the Southern District of New York, William C. Silverman and Christine H. Chung, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

Before WALKER, Chief Judge,
JACOBS, Circuit Judge, and LARIMER,
Chief District Judge.*

PER CURIAM:

Defendant Juan DeJesus–Abad appeals from a July 18, 2000 judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *District Judge*) convicting him, after a guilty plea, of conspiring to distribute heroin in violation of 21 U.S.C. § 846 and sentencing him to, *inter alia,* 70 months' incarceration. DeJesus–Abad now attacks the validity of his guilty plea. Finding DeJesus–Abad's claims to be without merit, we affirm.

## BACKGROUND

On November 18, 1999, DeJesus–Abad pled guilty to one count of conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. §. 846, based on alleged sales of heroin from a street corner on the New York City's Upper West Side. DeJesus–Abad and the government stipulated to a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4), a three-level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1, and a further two-level reduction under the so-called "safety valve" provision, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. They also stipulated that the applicable Guidelines sentencing range was 70 to 87 months, given DeJesus–Abad's criminal history category of I. The agreement stated that the stipulation was not binding on the court.

The district court held a plea allocution at which it determined that DeJesus–Abad's plea was knowing and voluntary. During the allocution, the district court informed DeJesus–Abad that conviction for a violation of § 846 carried a minimum sentence of 10 years' imprisonment and a possible maximum sentence of life imprisonment. Around April 4, 2000, DeJesus–Abad moved to withdraw his plea, which motion the district court denied on April 20, 2000. After two hearings, on June 17, 2000, the district court adopted the same Guidelines calculation as that stipulated to by the parties and sentenced DeJesus–Abad in principal part to 70 months' incarceration. In passing sentence, the district court expressly found that DeJesus–Abad qualified for safety valve relief under 18 U.S.C. § 3553(f). Judgment was entered on July 18, 2000, and DeJesus–Abad filed a notice of appeal on August 15, 2000.

By summary order dated June 1, 2001, we dismissed DeJesus–Abad's appeal as untimely filed. *See United States v. DeJesus–Abad,* No. 00–1596, 2001 WL 604468 (2d Cir. June 1, 2001) (unpublished disposition). DeJesus–Abad's notice of appeal was filed more than ten days after the district court's judgment and thus outside the time for filing established by Fed. R.App. P. 4(b)(1)(A). We accordingly dismissed for want of jurisdiction.

On June 12, 2001, DeJesus–Abad moved for reconsideration of our decision, noting that the notice-of-appeal form that he had filed, pro se, indicated that such notice must be filed within 30 days, rather than 10 days. In light of that fact, on June 22, 2001, we granted the motion, vacated our earlier order, and dismissed the appeal without prejudice as to renewal, returning jurisdiction to the district court with instructions to construe DeJesus–Abad's untimely notice of appeal as a motion for extension of time to file and to decide whether granting that motion would be justified by excusable neglect. *See United*

---

* The Honorable David G. Larimer of the United States District Court for the Western District of New York, sitting by designation.

States v. Batista, 22 F.3d 492 (2d Cir.1994) (per curiam). On July 24, 2001, the district court granted DeJesus–Abad a 15–day extension to file his notice, effective from the date of its order. DeJesus–Abad filed a new notice on July 26, 2001, returning jurisdiction to this court. Accordingly, we now reach the merits of DeJesus–Abad's appeal.

## DISCUSSION

DeJesus–Abad first argues that his plea was invalid because the district court misinformed him about the applicable maximum and mandatory minimum sentences, telling him only about the statutory maximum and minimum without application of the "safety valve." This claim lacks merit.

■ DeJesus–Abad stipulated to a sentence range of 70 to 87 months, on the assumption that he would qualify for "safety valve" relief, under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, from the applicable statutory minimum sentence of ten years.[1] At the plea allocution, the district court informed DeJesus–Abad that he could be subject to a maximum sentence of life imprisonment and a minimum sentence of ten years' imprisonment, under 21 U.S.C. §§ 841(b)(1)(A) and 846. Because DeJesus–Abad eventually received the benefit of the § 3553(f) safety valve, he now claims that the court instead should have informed him of the maximum and minimum sentences he could receive given application of the safety valve: in this case, 70 months to 87 months.

■■ Although a district court must inform the defendant at the plea allocution of the maximum and minimum possible penalties for the charged offense, see Fed. R.Crim.P. 11(c)(1), the district court was not obligated to inform DeJesus–Abad of the minimum sentence he could receive assuming application of the safety valve. As an initial matter, we have held that Rule 11(c)(1) does not obligate a district court to calculate and inform the defendant of the applicable Guidelines sentencing range. See United States v. Fernandez, 877 F.2d 1138, 1143 (2d Cir.1989). Insofar as DeJesus–Abad argues that the district court was required to inform him of the maximum and minimum sentences applicable under the Guidelines, then, Fernandez bars his claim.

1. Section 3553(f) reads, in full, as follows:
   (f) Limitation on applicability of statutory minimums in certain cases.—Notwithstanding any other provision of law, in the case of an offense under ... 21 U.S.C. [§§ ] 841, 844, 846[or] 21 U.S.C. [§§ ] 960, 963[ ], the court shall impose a sentence pursuant to [the Sentencing Guidelines] without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
   (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
   (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
   (3) the offense did not result in death or serious bodily injury to any person;
   (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and
   (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
   Section 5C1.2 of the Sentencing Guidelines reiterates verbatim the criteria listed in § 3553(f). See U.S.S.G. § 5C1.2.

■ Even assuming, however, that the safety valve supersedes the otherwise applicable statutory minimum as the "mandatory minimum penalty provided by law," Fed.R.Crim.P. 11(c)(1), we do not believe that a district court is required to inform the defendant of it, because, at the time of the plea allocution, the safety valve is not yet applicable. For a variety of reasons, a defendant's qualification for § 3553(f) relief is ascertainable only at sentencing, not at the time the plea is accepted by the district court. First, § 3553(f) states specifically that the defendant's compliance with the five factors is to be determined "at sentencing ." Second, the fifth factor, the defendant's provision of all information in his possession and relevant to the case, allows the defendant to provide that information "not later than the time of the sentencing hearing." 18 U.S.C. § 3553(f)(5); *see also United States v. Schreiber*, 191 F.3d 103, 106 (2d Cir.1999) (holding that a defendant's prior lies are not relevant if the defendant provides the requisite truthful information by the statute's "one deadline for compliance," the sentencing hearing). Third, as a practical matter, at the time of the plea allocution, prior to preparation of a pre-sentence report, the district court lacks the information necessary to determine whether § 3553(f)'s five factors apply to the defendant. Finally, the sentencing hearing provides an opportunity for the parties to dispute whether § 3553(f) is applicable. In sum, it would be premature for the district court to guess at the plea allocution stage whether the defendant will qualify for the safety valve. We do not read Rule 11(c)(1) to require such guesswork. Accordingly, the district court's failure to apprise DeJesus–Abad of the minimum sentence possible given application of the safety valve was not error.

■ DeJesus–Abad also argues that the district court failed to elicit the factual basis for his plea, as required by Fed. R.Crim.P. 11(f). "Rule 11(f) requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997). "We review for abuse of discretion the district court's finding that the record furnishes a factual basis sufficient to support the plea." *United States v. Smith*, 160 F.3d 117, 122 (2d Cir.1998).

■ DeJesus–Abad contends that the record does not indicate either that he conspired with anyone else in selling heroin or the quantity of heroin he sold. We read the record differently and find no abuse of discretion in the district court's acceptance of DeJesus–Abad's plea. First, DeJesus–Abad admitted during his plea allocution that he approached an individual named "Cesar Honorat" "to get a few bucks" and implied that he accomplished that goal by selling "bags of heroin." This admission was a sufficient basis for the district court to conclude that DeJesus–Abad in fact had conspired to distribute heroin.

Second, although DeJesus–Abad was somewhat equivocal about the quantity of heroin he had sold, his statements, and those of defense counsel, were adequate to support the conclusion that he sold between one and three kilograms of heroin. DeJesus–Abad himself adopted the government's statement that he had sold between one and three kilos. His counsel also stated that "[s]ince he had advised me he sold in small bundles, it's hard for him to figure out when it reached one kilo, but it was approximately one kilo or more." Finally, the district court later confirmed this admission in reviewing DeJesus–Abad's motion to withdraw his plea. The court explained at some length the quanti-

ty that DeJesus–Abad was alleged to have sold, concluding that

> [t]he point is that you were charged with over a period of time being involved in a conspiracy to sell at least a kilo and more. When I asked you about it [at the plea allocution] you said yes, you did it, and when I asked you again today you said yes, and now you are telling me that wasn't true.
>
> THE DEFENDANT: It's true. It's true. I am not denying it. I am not denying it.

In short, the district court had ample reason to find that DeJesus–Abad had sold more than a kilogram of heroin. Therefore, we hold that the district court did not violate Rule 11(f) in accepting the plea.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.