UNITED STATES of America,
Appellee,

v.

Faustino Cepeda SANCHEZ,
Defendant–Appellant.

No. 00–1497.

United States Court of Appeals,
Second Circuit.

Jan. 9, 2002.

B. Alan Seidler, Nyack, NY, for Appellant.

Marcia S. Cohen, Ass't U.S. Att'y, SDNY, N.Y., NY, for Appellee.

Present MESKILL, KEARSE, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Faustino Cepeda Sanchez appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Denise L. Cote, *Judge*, convicting him of distributing and possessing with intent to distribute approximately 1,162 grams of substances containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and sentencing him principally to 78 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Sanchez argues that his conviction should be reversed because his plea of guilty lacked a factual basis as

required by Fed.R.Crim.P. 11(f). Finding no merit in his contention, we affirm.

■■■ The district court's determination that the record furnishes a factual basis sufficient to support a plea of guilty is reviewable only for abuse of discretion. *See, e.g., United States v. DeJesus–Abad,* 263 F.3d 5, 9 (2d Cir.2001) (per curiam); *United States v. Smith,* 160 F.3d 117, 122 (2d Cir.1998). In the present case, Sanchez was arrested after having placed in his car a bag containing more than one kilogram of heroin and more than three kilograms of cocaine. He was charged with distribution and possession of heroin (count one) and distribution and possession of cocaine (count two). He entered into a plea agreement with the government stating that he would plead guilty to the heroin charge in count one. At his plea hearing, when the court asked Sanchez whether he knew the bag contained drugs, Sanchez's response was that the person who gave him the bag told him it contained cocaine and did not tell him it contained heroin. Although the court noted that that response spoke more directly to count two of the indictment than to count one, the Assistant United States Attorney urged the court to accept Sanchez's allocution as a plea of guilty to count one, stating that the government would establish at trial that one of the substances Sanchez had placed in his car was in fact heroin and that Sanchez plainly knew he was carrying controlled substances. The court asked whether defense counsel had any objection to the entry of a plea of guilty to count one, and each of Sanchez's attorneys answered in the negative. Defense counsel immediately conferred off-the-record with Sanchez, and following that conference there was no retreat from the defense agreement that there was no

reason not to enter a plea of guilty to count one. Given Sanchez's arrest while in possession of heroin, the lack of any direct statement that he had no knowledge that he was carrying heroin (with Sanchez stating only, not entirely responsively to the court's question, that heroin was not mentioned by the person who gave him the bag), and his plea agreement that his offense involved heroin, we see no abuse of discretion in the district court's conclusion that there was a factual basis for Sanchez's plea of guilty to distribution and possession of heroin.

We note also that after entering that plea, Sanchez wrote a *pro se* letter to the district court complaining about, *inter alia,* the quantity of cocaine attributed to him in the presentence report, but acknowledging the foreseeability to him of the presence of heroin. (*See* letter from Sanchez to Judge Cote dated April 16, 2000, at 1 ("I was told as I informed the court on January 31, 2000, that I was in possession of only three kilograms of cocaine there is no evidence I was foreseeable to [*sic* ] any other 'drug quantity' *except for the heroin (approx. 1500 grams).*") (emphasis added)).

We have considered all of Sanchez's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.