**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andy HYPOLITE, Defendant–
Appellant.**

No. 01–1527.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2003.

Robert J. Boyle, New York, N.Y., for Appellant.

Julie Myers, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present: OAKES, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the conviction be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Generally, Hypolite is a citizen of Trinidad and Tobago. Hypolite's cousin and his cousin's associate offered him a round-trip airplane ticket to New York to take $70,000 from New York to Trinidad. In exchange, Hypolite would also receive $6,000 when he returned. While at the airport in Trinidad, his cousin's associate gave Hypolite drink packets which appeared to be milk products but actually contained 2.9 kilograms of cocaine. When he arrived at John F. Kennedy International Airport, the United States Customs Service discovered the cocaine and arrested him. On February 13, 2001, Hypolite entered a plea of guilty to one count of drug importation in violation of 21 U.S.C. § 952(a) and received a sentence of 30 months imprisonment.

Hypolite's only challenge on appeal is that the plea allocution was defective because it did not set forth a sufficient factual basis for his guilty plea. Specifically, he claims that there were no facts establishing that he knew he was carrying illegal drugs into the United States. This Court "review[s] for abuse of discretion the district court's finding that the record furnishes a factual basis sufficient to support the plea." *United States v. Smith*, 160 F.3d 117, 122 (2d Cir.1998). Former "Rule 11(f)* requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. DeJesus–Abad*, 263 F.3d 5, 9 (2d Cir.2001) (citations omitted).

Here, the district court properly accepted Hypolite's plea because he admitted facts sufficient to establish every element of the charged offense: importation of cocaine into the United States. 21 U.S.C. § 952(a). To violate this statutory provision, the defendant must knowingly or intentionally bring drugs into the United States. 21 U.S.C. 952(a); *see United States v. Londono–Villa*, 930 F.2d 994, 997 (2d Cir.1991). Where "knowledge of a given fact is an element [of an offense], the knowledge element is established if the factfinder is persuaded that the defendant consciously avoided learning that fact while aware of a high probability of its existence, unless the factfinder is persuaded that the defendant actually believed the contrary." *United States v. Finkelstein*, 229 F.3d 90, 95 (2d Cir.2000) (internal citations omitted).

The circumstances of Hypolite's trip were highly suspicious. Hypolite was offered $6,000 and a round trip ticket to go to New York to bring back $70,000. On the way to the airport, his cousin's associate gave him 2 kilograms of "milk products" to be taken to the United States. Moreover, Hypolite admitted that he had a "strong suspicion" that the packages contained a narcotic drug. He stated that when he was shown the packages, he did not believe they were in fact milk products. Finally, when the court asked him why he did not simply ask whether the packages contained drugs, he responded that he just "blank[ed] it out" and tried "not to pry too much." Because this colloquy sufficiently establishes Hypolite's awareness of the high probability that he was carrying narcotics and did not believe otherwise, the knowledge element of the charged offense was adequately set forth at his plea allocution. Accordingly, the Court hereby AFFIRMS the conviction.

---

* Rule 11 was amended in 2002; the language requiring a factual basis for a plea is now found in subsection (b)(3).