**UNITED STATES of America,**
**Appellee,**

v.

**Diva MONSALVE, Defendant—**
**Appellant.**

**Docket No. 04–1511–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Aug. 31, 2004.

Decided: Oct. 29, 2004.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Susan Corkery, Assistant United States Attorney, Eastern District of New York, for Appellee.

Before: VAN GRAAFEILAND, JACOBS, and POOLER, Circuit Judges.

PER CURIAM.

The Government moves to dismiss the appeal of Defendant–Appellant Diva Monsalve ("Defendant") based on a waiver of appellate rights contained in her plea agreement. Since we find Defendant waived her right to appeal and Defendant's sentence does not potentially implicate the rule articulated in *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we construe the Government's motion to dismiss the appeal as a motion for summary affirmance and hereby affirm the district court's order.

## BACKGROUND

Defendant was brought on federal narcotics charges after accepting a suitcase she believed contained illegal drugs from federal agents posing as international drug couriers. Defendant promptly entered into a plea agreement with the Government in which she agreed to plead guilty to one count of conspiracy with intent to distribute greater than one kilogram of heroin in violation of 21 U.S.C. § 846. She also agreed not to contest the results of the Government's laboratory findings regarding the quantity and type of drugs and waived her right to appeal both the conviction and sentence if she received a sentence of 120 months' imprisonment or less.

On June 5, 2003, Defendant appeared before Magistrate Judge Viktor V. Pohorelsky to enter a plea of guilty to conspiracy to possess with intent to distribute greater than one kilogram of heroin. Defense counsel stated he had been able to effectively communicate with her and that, to his knowledge, she understood the rights she waived by pleading guilty. In her plea colloquy, Defendant stated that the plea agreement had been translated and explained to her, she understood its contents, and she entered into the agreement without coercion or additional promises. Defendant also stipulated, as stated in the plea agreement, to greater than one kilogram of heroin as the amount and type of drugs for sentencing purposes. She also affirmed she understood she waived her right to appeal if sentenced to 120 months or less in prison.

When questioned about the circumstances of the crime, Defendant stated that although she knew she would be carrying illegal drugs, she did not know of which type. She also denied knowing the quantity would exceed one kilogram.

On March 16, 2004, at Defendant's sentencing hearing, Defense Counsel objected to the imposition of a sentence based on greater than one kilogram of heroin. Defense Counsel argued Defendant had not admitted to drug type or quantity in her plea colloquy, and that a lesser amount and no specific type of drug should be attributed to her for sentencing purposes. The District Court sentenced Defendant based on the drug quantity and type specified in the plea agreement; Defendant therefore received 120 months imprisonment, the statutory minimum for conspiring to possess and distribute greater than one kilogram of heroin.

Defendant timely filed a notice of appeal. She claims her sentence was unconstitutional under *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ("*Blakely*"), because she did

not verbally admit the type or amount of drugs in her oral plea colloquy with Magistrate Pohorelsky. The Government filed the instant motion to dismiss the appeal based on the waiver of appellate rights contained in Defendant's plea agreement.

## DISCUSSION

■ Under Rule 2 of the Federal Rules of Appellate Procedure, "[o]n its own or a party's motion, a court of appeals may-to expedite its decision or for other good cause-suspend any provision of these rules in a particular case and order proceedings as it directs . . . ." We construe a motion to dismiss an appeal as a motion for summary affirmance if the appeal presents only frivolous issues. *See United States v. Torres,* 129 F.3d 710, 717 (2d Cir.1997).

■ The Government asks us to dismiss Defendant's appeal based on the appellate waiver contained in her plea agreement. Waivers of appellate rights are valid when they are entered into knowingly and intelligently, with the effective assistance of counsel. *United States v. Rosa,* 123 F.3d 94, 97–98 (2d Cir.1997). Defendant does not contest the validity of the appellate waiver on appeal.[1] We therefore find Defendant has waived her right to appeal.

■ Even when a valid appellate waiver exists, as in the instant case, defense counsel must identify "any issues implicating a defendant's constitutional or statutory rights that either cannot be waived, or cannot be considered waived by the defendant in light of the particular circumstances . . . ." *United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000) (collecting cases).

Defendant's only claim on appeal, that her sentence violates her Sixth Amendment rights under *Blakely* because the District Court imposed the mandatory minimum sentence based on a drug type and quantity she did not verbally admit during her plea colloquy with Magistrate Pohorelsky, is frivolous.

In short, Defendant was sentenced solely on the basis of the drug quantity and type she freely and knowingly admitted in her plea agreement, receiving the statutory minimum of 10 years imprisonment for conspiring to possess with intent to distribute over one kilogram of heroin. Thus, the constitutional requirement of a sentence based solely on facts admitted by the defendant set forth in *Blakely* has been satisfied. *See also United States v. Saldivar–Trujillo,* 380 F.3d 274, 279 (6th Cir. 2004); *United States v. Lucca,* 377 F.3d 927, 934 (8th Cir.2004) (both holding sentences based on facts contained in guilty pleas satisfied the constitutional requirements of an admission under *Blakely* ).

■ Defendant's denial of knowing drug type or quantity during her plea colloquy does not negate the admissions Defendant made in her plea. Indeed, sentencing based on such conflicting statements has long been held constitutional, as a criminal defendant may enter a guilty plea and receive a sentence even while maintaining her innocence. *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (an *express* admission of guilt, in addition to a properly accepted guilty plea, "is not a constitutional requisite to the imposition of criminal penalty"). Therefore, an admission in a plea agreement, even if later controverted in a plea

---

1. Nor does the record support such a contention: Defendant stated she understood the plea agreement and its contents; she entered into it freely, without coercion or additional promises; and Defense Counsel attested to efforts to ensure Defendant knew the consequences of the plea agreement.

colloquy, satisfies the constitutional requirements set forth in *Blakely*.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order.