**UNITED STATES of America,**
**Appellee,**

v.

**Prince AFRIYIE, Emmanuel Bonsu,**
**and Joseph Adomako–Mensah,**
**Defendants–Appellants.**

Nos. 04–1376, 04–2826, 04–3254.

United States Court of Appeals,
Second Circuit.

March 23, 2005.

E. Danya Perry, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee, of counsel.

Present: Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. WILLIAM K. SESSIONS, Chief District Judge.[1]

---

1. The Hon. William K. Sessions, III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

SUMMARY ORDER

Defendant-appellants Emmanuel Bonsu and Joseph Adomako–Mensah appeal from judgments of conviction entered in the Southern District of New York, following their respective guilty pleas before the Honorable Leonard B. Sand, District Judge, and the Honorable Frank Maas, Magistrate Judge. Both defendants pleaded guilty, pursuant to plea agreements, to each of the counts in which they were named: participation in a conspiracy to file false claims against the Internal Revenue Service in violation of 18 U.S.C. § 286; conspiracy and attempt to transfer and use the identities of other individuals for the purpose of filing fraudulent tax returns with the IRS to obtain tax refund checks to which they were not entitled in violation of 18 U.S.C. § 1028(f); and transfer and use of approximately 75 identities, in the case of Adomako–Mensah, and an unspecified number of identities, in the case of Bonsu, without the consent of those individuals, for the purpose of filing fraudulent tax returns with the IRS to obtain tax refund checks to which they were not entitled, in violation of 18 U.S.C. §§ 1028(a)(7) and 2. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

On appeal, Adomako–Mensah argues that his guilty plea did not comply with Rule 11 because the trial court did not ensure that he understood the nature of the charges and that there was a factual predicate for the plea. *See* Fed.R.Crim.P. 11(b). Specifically, he asserts that his statement at the plea colloquy that he was responsible for 75, not 302, Social Security numbers "calls into question his purported understanding of the plea agreement." Accordingly, he contends that the district court erred in denying his petition to withdraw his guilty plea. Adomako–Mensah asks this Court to allow him to withdraw his plea or to grant him a *Crosby* remand.

We reject Adomako–Mensah's claim that the court accepted his plea in error. Rule 11 requires that before accepting a guilty plea, the court must address the defendant in open court and inform the defendant of, and determine that the defendant understands, "the nature of each charge to which the defendant is pleading." Fed. R.Crim.P. 11(b)(1)(G). In addition, the court must determine that "there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). The provision requires the trial court "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. DeJesus–Abad,* 263 F.3d 5, 9 (2d Cir.2001).

The magistrate judge fully complied with Rule 11 when accepting Adomako–Mensah's guilty plea. Appellant contends that because he did not colloquy to the specific number of Social Security numbers for which he accepted responsibility in his plea agreement, his allocution was deficient. This argument is without merit. At the colloquy, Adomako–Mensah expressly stated that he "underst[oo]d the nature of the charges to which [he was] pleading guilty," affirmed that he knowingly and voluntarily entered into the plea agreement, and allocuted to his involvement in a conspiracy. The plea agreement clearly and unambiguously delineated the conspiracy and its scope. Although Adomako–Mensah maintained at the colloquy that he was only personally involved with 75 Social Security numbers, that fact does not alter his responsibility for the overall activities of the conspiracy. Moreover, in his written plea agreement, Adomako–Mensah explicitly admitted responsibility for the 227 Social Security numbers used by his codefendants. Thus, the court

could appropriately consider both Adoma-ko–Mensah's colloquy and his admissions as contained in the plea agreement in meeting the requirements of Rule 11 and accepting the plea. *See United States v. Monsalve,* 388 F.3d 71, 73–4 (2d Cir.2004) (per curiam).

We review the district court's denial of plea withdrawal for abuse of discretion. *United States v. Schmidt,* 373 F.3d 100, 101 (2d Cir.2004). "As a general matter, a defendant has no absolute right to withdraw a guilty plea." *United States v. Yu,* 285 F.3d 192, 198 (2d Cir.2002). Adoma-ko–Mensah's request to withdraw his plea was premised on a contention that his lawyer pressured him and lied to him in coercing him to enter into the plea agreement.[2] The district court conducted a hearing and concluded that Adomako–Mensah's contentions were groundless. The district court took care to ensure that Adomako–Mensah knowingly and voluntarily pleaded to the elements of the crime for which he was charged, and reasonably concluded that there was no "fair and just" reason to justify withdrawal. *See* Fed. R.Crim.P. 11(d). The court did not abuse its discretion in denying appellant's motion to withdraw his plea.

We find that both Bonsu's and Adoma-ko–Mensah's sentences were correctly calculated under the Sentencing Guidelines. However because both appellants have requested remands in light of this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), and the Government has consented, the case is remanded to the district court for further proceedings in conformity with *Crosby.* Any appeal taken from the district court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED IN PART and REMANDED IN PART.

---

**2.** Curiously, in his letters to the district court requesting that he withdraw his plea, Adoma- ko–Mensah provided additional details that confirmed his role in the conspiracy.