**UNITED STATES of America,**
**Appellee,**

v.

**Jocelyn A. DIAZ, Defendant–Appellant.**

**Docket No. 04–5862–CR.**

United States Court of Appeals,
Second Circuit.

July 22, 2005.

---

**10**

B. Alan Seidler, New York, NY, for Appellant.

Anjan Sahni, Assistant United States Attorney, Southern District of New York, New York, N.Y. (Robin L. Baker, Assistant United States Attorney, on the brief), on behalf of David N. Kelley, United States Attorney, for Appellee.

Present: JACOBS, LEVAL, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction be **AFFIRMED**, and that this case be **REMANDED** with instructions to **VACATE** and **RESENTENCE**.

Defendant–Appellant Jocelyn A. Diaz appeals from a judgment entered on October 29, 2004, in the United States District Court for the Southern District of New York (Baer, *J.*). Diaz pled guilty (without a plea agreement) to possession with intent to distribute 500 or more grams of cocaine, *see* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) ("Count One"), and possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A) ("Count Two"). Diaz was sentenced to 195 months' imprisonment, four years' supervised release, and a $200 special assessment. We assume familiarity with the facts, procedural history, and issues on appeal.

1. Diaz argues that the district court erred in accepting her guilty plea on Count Two without "determin[ing] that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). Under that Rule, a district court must ensure that the "conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997). We review for an abuse of discretion the district court's finding that the record furnishes a sufficient basis for a plea. *See United States v. DeJesus–Abad*, 263 F.3d 5, 9 (2d Cir.2001) (*per curiam*).

Although Diaz pled guilty to possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), she argues principally that there was no factual basis for her admission by plea that the gun found at her apartment was possessed "in furtherance" of a drug-trafficking crime. We have previously defined "in furtherance" to mean "that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug traf-

ficking." *United States v. Lewter,* 402 F.3d 319, 322 (2d Cir.2005). At the plea hearing [i] the Government indicated that Diaz intended to sell the drugs found in her apartment (Diaz admitted that she was at the apartment "with the intent to distribute cocaine"); [ii] Diaz admitted that the gun was "in the same place" and "with" the drugs; and [iii] Diaz admitted that she knew the gun was kept there. It is undisputed that [i] the gun was unloaded; and [ii] there was no indication that Diaz displayed the weapon to others, used it, or knew how to use it.

We cannot say that the district court abused its discretion in accepting Diaz's plea. *See, e.g., Lewter,* 402 F.3d at 322 (affirming conviction where, *inter alia,* loaded gun "was stored within feet of Lewter's drug stash and within Lewter's reach"); *United States v. Finley,* 245 F.3d 199, 203 (2d Cir.2001) (affirming conviction where unloaded shotgun was stored under pile of clothes "in proximity to the window from which [the defendant] sold ... drugs").[1]

2. Diaz's sentence violated the Sixth Amendment. *See United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Diaz preserved the objection below, we remand with instructions to vacate and resentence. *See United States v. Fagans,* 406 F.3d 138 (2d Cir.2005).

For the foregoing reasons, we **AFFIRM** the judgment of conviction. We **REMAND** this case to the district court with instructions to **VACATE** and **RESENTENCE**.

---

1. On the same basis, Diaz moved the district court to withdraw her plea; for the same reason, the district court did not abuse its discretion in denying this motion. *See United* *States v. Schmidt,* 373 F.3d 100, 102 (2d Cir. 2004) (denial of motion to withdraw guilty plea reviewed for abuse of discretion).