Mark LYNCH, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 06–3332–pr.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2009.

Donna Newman, Law Office of Donna R. Newman, Esq., New York, NY, for Petitioner–Appellant.

Michael Maimin, Assistant District Attorney (David A. O'Neil, Celeste L. Koeleveld, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent–Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Mark Lynch ("Lynch") appeals from an April 20, 2006, 2006 WL 1063285, Memorandum and Order ("Order") of the United States District Court for the Eastern District of New York (McKenna, J.) denying his petition to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Lynch contends that the district court wrongly concluded that his plea was knowing and voluntary. *See United States v. Renaud,* 999 F.2d 622, 624 (2d Cir.1993) (noting that, to be valid, a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant" (internal quotation marks omitted)). During the allocution, Lynch swore that he had received a copy of the superceding indictment, reviewed it with his lawyer, was satisfied with his lawyer's representation, understood the potential penalties and other consequences of pleading guilty, and was not under the influence of drugs, alcohol, or medicine. Lynch also denied that he had received any promise or assurance that was not contained in the plea agreement, or that anyone had forced or attempted to force him to plead guilty. Although Lynch's counsel intervened in the allocution several times, and after the interruptions Lynch altered some of his previous responses, as

the district court found, there is nothing in the record to indicate that counsel "was advising or coercing [Lynch] to be anything but truthful." Lynch's open court declarations "carry a strong presumption of verity," *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir.1997) (citation omitted), and Lynch does not show that his plea was "the product of actual or threatened physical harm, mental coercion ... or [Lynch's] sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir.1988) The district court was thus not in error to deem the plea knowing and voluntary. *See Harris v. United States*, 367 F.3d 74, 79 (2d Cir.2004) (stating that § 2255 appeals require us to review the district court's factual findings for clear error).

■ Lynch also argues that the district court abused its discretion in finding the plea supported by a sufficient factual basis. *See United States v. DeJesus–Abad*, 263 F.3d 5, 9 (2d Cir.2001) ("We review for abuse of discretion the district court's finding that the record furnishes a factual basis sufficient to support the plea." (internal quotation marks and citation omitted)). Lynch, however, stated during the hearing that he intended to "give away some" of the twenty-two bags of crack cocaine. This statement satisfied the distribution element Lynch claims was unsupported under 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(c). Moreover, assuming, *arguendo*, that Lynch's statements that he "could search and find" and "could have taken" the firearm in his cousin's apartment "if he wanted to" did not satisfy the constructive possession element of intent required under 18 U.S.C. §§ 922(g)(1), (k), (g)(5) and 924(e), the court was free to "rely on any facts at its disposal—not just the admissions of the defendant." *Maher*, 108 F.3d at 1524–25 (quoting *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir. 1974)). Here, the district court could have additionally relied on the government's evidence of Lynch's own statements "admitting that the firearm belonged to him and that he possessed it in connection with his drug dealing activities." The court could have also considered Lynch's signed plea agreement, which acknowledged his guilt and contained a four-level enhancement related to Lynch's possession of a firearm. The district court's conclusion that the plea was supported by a sufficient factual basis was thus not outside "the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir.2001) (discussing the abuse of discretion standard).

■ Finally, the district court did not abuse its discretion in failing to hold an evidentiary hearing. *See United States v. Amico*, 486 F.3d 764, 779 (2d Cir.2007) ("A determination not to hold an evidentiary hearing is reviewed for abuse of discretion."). Though Lynch now argues that his plea was based on "facts fabricated by his counsel which he mimicked to the [c]ourt," he is required to "present some significant questions concerning the ... validity of the plea to justify an evidentiary hearing." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992). Lynch presents no such questions, and "[n]o hearing need be granted when the allegations ... merely contradict the record ... or are simply conclusory." *Id.*

For the foregoing reasons, the Order of the district court is AFFIRMED.