**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3249
_____

MARK LEYSE, Individually and on
behalf of all others similarly situated
*Appellant*

v.

BANK OF AMERICA, NATIONAL ASSOCIATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cv-07128)
District Judge:  Hon. Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013
Panel Rehearing Granted
October 3, 2013

BEFORE:  McKEE, *Chief Judge*, SMITH, and GREENAWAY, Jr., *Circuit Judges*.

(Filed:  October 4, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*.

Rarely has one phone call led to so much litigation.  In this case, Mark Leyse

appeals the District Court's dismissal of his Complaint against Bank of America

1

("BoA"), in which he alleged a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B). For the reasons that follow, we will vacate and remand for further proceedings.[1]

## I.    BACKGROUND

On March 11, 2005, DialAmericaMarketing, Inc. ("DialAmerica"), telephoned Leyse on his residential telephone line, which is also associated with Leyse's roommate, Genevieve Dutriaux. The call contained a prerecorded message, and Leyse alleges that the call violated the TCPA.[2] This suit is based on that call and it is the third class action that Leyse and Dutriaux have pursued based on the same March 2005 call.

On April 12, 2005, Dutriaux filed a putative TCPA class action in the Southern District of New York, No. 05 Civ. 3838 (the "*Dutriaux*" action). The action was ultimately administratively closed on December 1, 2008, and neither Dutriaux nor BoA has sought to reopen the case.

On March 10, 2009, Leyse filed a TCPA action against BoA in the Western District of North Carolina. BoA successfully moved to transfer the case to the Southern District of New York, which dismissed the suit. *Leyse v. Bank of Am., N.A.*, No. 09 Civ.

---

[1]  The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1332(d)(2)(A). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the District Court's application of defensive collateral estoppel, *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006), and statutes of limitations, *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1012 (3d Cir. 1995).

[2]  Subject to exceptions not applicable here, the TCPA prohibits, *inter alia*, the use of "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). The TCPA provides for a private right of action for violations of its provisions or any implementing regulations. 47 U.S.C. § 227(b)(3), (c)(5).

7654, 2010 WL 2382400 (S.D.N.Y. June 14, 2010) ("*Leyse I*"). In *Leyse I*, the district court concluded that Leyse was not the "called party" and, therefore, lacked standing to seek statutory damages under the TCPA. *Id.* Leyse appealed. However, on February 8, 2011, in response to BoA's motion to dismiss the appeal based on N.Y. C.P.L.R. § 901(b), the Court of Appeals for the Second Circuit summarily affirmed the judgment.

Finally, on December 5, 2011, Leyse filed this action in the District of New Jersey ("*Leyse II*"), alleging the same claims, and based on the same set of facts, as the two prior actions. The District Court granted BoA's motion to dismiss, ruling that Leyse's claim is barred by collateral estoppel and by any potentially applicable statute of limitations. On April 24, 2013, we affirmed the District Court's order dismissing this appeal. However, Leyse thereafter moved for panel rehearing and rehearing en banc. For the reasons that follow, we will grant panel rehearing, vacate our previous order affirming the District Court's order of dismissal and remand for further proceedings consistent with this Opinion.

## II. DISCUSSION

### A. Collateral Estoppel

The District Court ruled that Leyse's Complaint in this action is barred by the doctrine of collateral estoppel. Dismissal under the doctrine of collateral estoppel is appropriate where: "'(1) the issue sought to be precluded [is] the same as that involved in the prior action, (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002)

3

(alterations in original) (quoting *Burlington N. R.R. Co. v. Hyundai Merch. Marine*, 63 F.3d 1227, 1231-32 (3d Cir. 1995)).

On rehearing, we agree with Leyse that collateral estoppel is not applicable here. "[I]t is of the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment." *De Sollar v. Hanscome*, 158 U.S. 216, 221 (1895).[3] Here, there is at least some ambiguity as to whether the Second Circuit's summary affirmance rested on the "called-party" ground or on an issue of state law. *See Morse v. Republican Party of Va.*, 517 U.S. 186, 203 n.21 (1996) ("A summary disposition affirms only the judgment of the court below, and no more may be read into our action than was essential to sustain that judgment.") (internal quotation marks omitted); *Mandel v. Bradley,* 432 U.S. 173, 176 (1977) ("Because a summary affirmance is an affirmance of the judgment only, the rationale of the affirmance may not be gleaned solely from the opinion below.").

The Second Circuit's summary affirmance in *Leyse I* does not explicitly state the reason for the affirmance. However, the court cited *United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004), as the reason it "construe[d] [BoA's] motion as seeking summary affirmance." *Leyse v. Bank of Am., N.A.*, No. 10 Civ. 2735 (2d Cir. Feb. 8, 2011). In

---

[3] *See also Russell v. Place*, 94 U.S. 606, 608 (1876) ("If there be any uncertainty . . . in the record, -as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered, -the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.").

*Monsalve,* the court explained that it will "construe a motion to dismiss an appeal as a motion for summary affirmance if the appeal presents *only frivolous issues*." *Monsalve*, 388 F.3d at 73 (emphasis added). As BoA argued in its motion to dismiss (which the Second Circuit construed as a motion for summary affirmance), binding Second Circuit precedent then held that N.Y. C.P.L.R. § 901(b) bars plaintiffs from maintaining private TCPA class actions in federal court and therefore the court lacked jurisdiction. *See Holster v. Gatco, Inc.*, 618 F.3d 214, 215-16, 218 (2d Cir. 2010) (holding that N.Y. C.P.L.R. § 901(b) applies to TCPA actions in New York and prohibits class action suits seeking statutory damages), *abrogation recognized by Giovanniello v. ALM Media, LLC*, __ F.3d __, 2013 WL 4016567 (2d Cir. Aug. 8, 2013). Since binding precedent then supported BoA's N.Y. C.P.L.R. argument, it is quite possible that that was the reason the court determined the appeal was "frivolous" and converted BoA's motion to dismiss the appeal to a motion for summary affirmance.

Moreover, the surrounding circumstances further undermine the likelihood that the Second Circuit relied on the called-party issue. First, the summary affirmance was issued in response to BoA's motion to dismiss and the sole ground for that motion was the preclusion of such class actions contained in N.Y. C.P.L.R. § 901(b). Second, Leyse's petition for certiorari to the Supreme Court focused entirely on the N.Y. C.P.L.R. issue and did not discuss the district court's ruling on the called-party issue. Finally, the N.Y. C.P.L.R. issue was fully briefed before the Second Circuit issued its summary affirmance, but the called-party issue was not. This procedural background is sufficient

5

by itself to undermine any suggestion that the called-party issue was fully litigated in *Leyse I*.

We realize that we have held that "independently sufficient alternative findings should be given preclusive effect." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 255 (3d Cir. 2006). However, that does not resolve the issue here because the Second Circuit did not base its summary affirmance on two independently sufficient alternative grounds. Rather, as we have explained, that court appears to have relied upon restrictions in New York practice requirements that prevent Leyse from basing a class action on the March phone call. Thus, it was not appropriate for the District Court to apply the doctrine of collateral estoppel to bar this suit.

## B. Statute of Limitations and *American Pipe* Tolling

The District Court also determined that Leyse's Complaint must be dismissed because, regardless of whether the two-year period under New Jersey law or the four-year period under 28 U.S.C. § 1658(a) applies to TCPA claims, Leyse's action is time-barred because his claim is not subject to tolling under the rule established in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

Under the Supreme Court's decision in *American Pipe*, the filing of a class action complaint "tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553. The Court later extended this holding to all asserted members of the class who file subsequent individual actions, not just intervenors. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). In *Yang*

6

*v. Odom*, 392 F.3d 97 (3d Cir. 2004), we held that "*American Pipe* tolling applies to the filing of a new class action where certification was denied in the prior suit based on the lead plaintiffs' deficiencies as class representatives, but that *American Pipe* tolling does not apply where certification was denied based on deficiencies in the purported class itself." *Id.* at 99.

Leyse's cause of action accrued on March 11, 2005 (the date of the alleged telephone call) but this suit (*Leyse II*) was not filed until nearly seven years later, on December 5, 2011. Thus, Leyse must rely on *American Pipe* tolling to save his claim from being time-barred. The District Court reasoned that "tolling is inapplicable here because the class was never presented for certification in either the Dutriaux or the [*Leyse I*] Action." *Leyse v. Bank of Am., N.A.*, No. 11-7128, 2012 WL 2952428, at *6 (D.N.J. July 18, 2012). To support this conclusion, the District Court appears to rely on the Supreme Court's statement that commencement of a class action tolls the statute of limitations as to all asserted class members "'until class certification is denied.'" *Id.* at *5 (quoting *Crown, Cork & Seal Co.*, 462 U.S. at 354, and citing *American Pipe*, 414 U.S. at 552-54). The District Court also references our decisions holding that *American Pipe* tolls the statute of limitations for "a later class action where the district court had, in a prior class action, declined to certify a class for reasons unrelated to the appropriateness of the substantive claims for certification." *Id.* at *6 (internal quotation marks omitted) (quoting *Yang*, 392 F.3d at 104, and *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 295 F.3d 380, 386, 389 (3d Cir. 2002)). The District Court cites to *In re Vertrue Mktg. & Sales Practices Litig.*, 712 F. Supp. 2d 703, 717 (N.D. Ohio 2010), for the proposition

7

that "[d]ismissal of a claim is not akin to a ruling on class certification . . . [and] [w]hether class treatment is appropriate is wholly independent of whether a claim succeeds on the merits." *Leyse II*, 2012 WL 2952428, at \*6.

However, neither the district court in the *Dutriaux* nor *Leyse I* action determined whether class certification is irrelevant for determining the applicability of *American Pipe* tolling. The Supreme Court has explained that it is "the *commencement* of a class action [that] suspends the applicable statute of limitations as to all asserted members of the class." *American Pipe*, 414 U.S. at 554 (emphasis added); *see also McKowan*, 295 F.3d at 382 ("Under the Supreme Court's decision in *American Pipe . . . , the filing of a class action complaint* tolls the statute of limitations for all members of the putative class . . . .") (emphasis added). The Supreme Court's pronouncement that class action tolling ends when class certification is denied does not require a formal motion for class certification, or any district court ruling on class certification.

Moreover, the driving rationale for the *American Pipe* tolling rule would be severely undermined under the District Court's interpretation. *American Pipe* is compelled by the fact that class actions are "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *American Pipe*, 414 U.S. at 550. The *American Pipe* rule is necessary to "encourage[] unnamed plaintiffs to rely on the class action already filed on their behalf." *McKowan*, 295 F.3d at 384.[4] As we have

---

[4] The Court in *American Pipe* also explained that the tolling rule established therein "is in no way inconsistent with the functional operation of a statute of limitations." *American Pipe*, 414 U.S. at 554. Because tolling is triggered only by timely service of the class action complaint on defendants by the named plaintiff, the tolling rule

8

explained, "[i]f the claims of unnamed plaintiffs were not tolled, claimants would have an incentive to file claims themselves to protect their causes of action, 'precisely the multiplicity of activity which Rule 23 was designed to avoid.'" *Id.* (quoting *American Pipe*, 414 U.S. at 551).

This concern is present from the commencement of the class action and remains until the propriety of maintaining the suit as a class action is determined.[5] As the Court of Appeals for the Seventh Circuit has recently explained, "it does not matter, under federal law, whether the first suit's status as a would-be class action ends by choice of the plaintiff (who may abandon the quest to represent a class or . . . bow out altogether) or by choice of the judge." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011). "The [Supreme] Court's goal of enabling members of a putative class to rely on a pending action to protect their interests can be achieved only if the way in which the first suit ends—denial of class certification by the judge, abandonment by the plaintiff, or any other fashion—is irrelevant." *Id.* at 562.

In the present case, the class action complaint in the *Dutriaux* action was filed on April 12, 2005. Because Leyse was a putative member of that alleged class, the statute of

---

does not undermine the twin functions of statutes of limitations—providing timely notice and avoiding stale claims. *See id.* at 554-55. However, although the lack of conflict between *American Pipe* and the functions of statutes of limitations supported the adoption of the class action tolling rule, the driving objective for the *American Pipe* rule is to prevent repetitious filings by protecting unnamed plaintiffs.

[5] We do not suggest, however, that tolling under *American Pipe* may extend beyond the initial denial of class certification by the district court. *See Yang*, 392 F.3d at 102 (concluding that "a final adverse determination of class claims" occurred when the district court "denied class certification with prejudice . . . and the applicable tolling period ended that day.").

limitations on his claim was tolled from that date until the case was administratively closed on December 1, 2008. As we have just explained, the fact that the *Dutriaux* action's status as a would-be class action was terminated by administrative closure rather than denial of class certification is irrelevant to the issue of tolling under *American Pipe*.

We agree with the District Court, however, that the principles underlying *American Pipe* and its progeny do not allow Leyse to benefit from tolling based on the *Leyse I* action. As we explained, *American Pipe* was intended to prevent repetitious filings and to protect unnamed plaintiffs. This concern is not relevant with respect to the named plaintiff in the prior class action. Thus, we agree that the Supreme Court did not intend for *American Pipe* tolling to protect individuals like Leyse, who initiated the prior class action and was a named plaintiff in that prior suit.

BoA also argues that Leyse cannot take advantage of any tolling from the *Dutriaux* action because he lacked standing as a called-party under the TCPA and was therefore not a member of the putative class in that case. This position is difficult to square with the fact that Leyse is a member of the putative class as alleged in the *Dutriaux* complaint, the district court in *Dutriaux* had not limited the class to exclude him, and, as explained above, the district court's holding in *Leyse I* that Leyse was not a called-party is not entitled to preclusive effect here, much less in *Dutriaux*. In any case, we need not address this argument in the context of tolling. On remand, if the District Court determines that Leyse lacks standing as a called-party, it would have to dismiss Leyse's complaint on that basis, independent of any implications for the applicability of *American Pipe* tolling. If the court determines that Leyse does have standing as a called-

10

party, that determination would defeat BoA's argument that Leyse cannot benefit from tolling based on the *Dutriaux* action because he lacks standing.

Accordingly, we conclude that the District Court erred in holding that *American Pipe* tolling does not apply to Leyse's claim.[6]

### III.    Conclusion

For the reasons set forth above, we will vacate the Order of the District Court dismissing Leyse's Complaint and remand for further proceedings.

---

[6] In *Landsman & Funk PC v. Skinder-Strauss Associates*, Nos. 09-3105; 09-3532; 09-3793, 2012 WL 2052685 (3d Cir. April 17, 2012), we remanded to the district courts, in light of *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), for resolution of, *inter alia*, whether state or federal law supplies the statute of limitations for TCPA claims. In light of our decision in *Landsman*, we will refrain from deciding this issue in the first instance here, and will leave for the District Court to resolve on remand whether the federal catch-all limitations period under 28 U.S.C. § 1658(a) or a state limitations period applies to Leyse's TCPA claim.