**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0577n.06

No. 19-3638

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 08, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| OSCAR COLLADO-RIVERA, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

BEFORE:   ROGERS, SUTTON, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  This case reviews the district court's decision following our previous remand of Defendant Oscar Collado-Rivera's motion for substitution of counsel.  Collado-Rivera appeals the denial on remand of his attorney's second motion for substitution of counsel—the motion filed post-trial and pre-sentencing. We remanded the district court's denial of the pre-sentencing motion with instructions to conduct the analysis required by *United States v. Mack*, 258 F.3d 548 (6th Cir. 2001).  *United States v. Collado-Rivera*, 759 F. App'x 455, 466–67 (6th Cir. 2019).  The district court conducted a hearing and again found that there was not good cause for substitution of counsel for the sentencing hearing.  Because the district court correctly applied *Mack* and did not abuse its discretion in determining that Collado-Rivera did not experience a complete breakdown in communication with his counsel, we **AFFIRM**.

## I. BACKGROUND

The background of this dispute was set out in our previous decision. Over two months before Collado-Rivera's trial, defense counsel filed a motion to withdraw, explaining that Collado-Rivera had "asked that he withdraw and that new counsel be appointed under the Criminal Justice Act." *Id.* at 458–59. The district court held a hearing and allowed Collado-Rivera to discuss his concerns about his attorney. Collado-Rivera "explained that: (1) he disagreed with his counsel's strategic choices; (2) he had not received certain discovery; (3) he was frustrated by the continuances in the case; (4) he felt that his counsel disrespected [his girlfriend]; (5) his counsel was angry with him for seeking additional counsel; and (6) his counsel expressed frustration with him when explaining certain legal concepts." *Id.* at 459. Defense counsel also addressed the court about the issues raised. Ultimately, the district court directed Collado-Rivera to confer with his attorney after which the court would reconsider a change of counsel if necessary; instead, Collado-Rivera "proceeded to trial without renewing his request for new counsel." *Id.* The jury convicted him of conspiracy to possess with intent to distribute more than five kilograms of cocaine. *Id.*

Prior to sentencing, defense counsel filed another motion to withdraw, again at the direction of Collado-Rivera. *Id.* The district court summarily denied the motion at the sentencing hearing. *Id.* When Collado-Rivera objected, the "district court summarily declined to consider that objection." *Id.*

On appeal, we applied the analysis laid out in *Mack*; determined that the district court's inquiry was adequate; concluded that there had not been "a complete breakdown in Collado-Rivera's relationship with his attorney"; and affirmed the district court's denial of the pre-trial motion to substitute counsel. *Id.* at 464–65. We concluded, however, that the district court abused its discretion when it summarily denied the second, pre-sentencing motion to substitute counsel. *Id.* at 466. We held that Collado-Rivera's motion was timely, but determined that the district

court's analysis was inadequate and failed to inquire into whether there had been a complete breakdown in the attorney-client relationship prior to sentencing. *Id.* We also concluded that the balancing between these factors and the public's interest in the timely administration of justice was neutral. *Id.* We remanded with instructions for the district court to hold a hearing to determine "whether, at the time of sentencing, there was good cause for substitution of counsel." *Id.* at 467. If so, Collado-Rivera should be resentenced; if not, there would be no need for resentencing. *Id.*

On remand, the district court conducted a hearing, and allowed Collado-Rivera ample time to discuss his concerns about his attorney. Collado-Rivera's testimony revealed that most of the conflict with his attorney centered around the decision not to call several witnesses at trial and at sentencing that Collado-Rivera thought would be useful in disputing the Government's obstruction and perjury enhancement, and the fact that his attorney did not want to file his objections to his pre-sentence investigation. The district court also allowed counsel time to respond to the complaints and to explain his strategic choices not to call witnesses which he had concluded were not helpful or would be harmful, and not to object to those matters in the pre-sentencing report that he thought would have no effect on the sentence.

Collado-Rivera explained that he had spoken to counsel via video conference before sentencing on May 24, 2017, and talked to him about calling witnesses at sentencing, both to dispute the Government's perjury and obstruction enhancement and to raise other objections to the pre-sentence report. When counsel rebuffed Collado-Rivera's request and told him to present his objections himself, Collado-Rivera told counsel to withdraw. Defense counsel then filed objections to the pre-sentencing investigation report—without Collado-Rivera's additional objections—and a motion to withdraw. Counsel and client did not speak again until the morning of the sentencing on July 20, 2017.

At the close of the hearing, the district court affirmed its earlier decision to deny the motion. It then issued an opinion recounting the testimony at the hearing and setting out its reasoning. The court explained that Collado-Rivera was allowed to address all his concerns about counsel and that Defendant talked "at length about his substantive issues with defense counsel's performance and issues that related to trial, even though those issues were not directly pertinent." (R.455 at PageID 2313–14) The district court concluded that Collado-Rivera and his counsel had strategic disagreements, but those disagreements did not amount to a complete breakdown in communication. The court explained that Collado-Rivera and his defense lawyer had communicated throughout sentencing, beginning with a video conference on May 24, 2017 to discuss the pre-sentencing report. The two also spoke on the morning of the sentencing on July 20, 2017. Collado-Rivera had additional objections that the defense lawyer did not present to the court, but the court provided Collado-Rivera the opportunity to present them himself. Defense counsel indicated that he had not been told with any specificity about Collado-Rivera's additional objections, but the district court concluded that this was because the two had already discussed the sentencing strategy. And the district court noted that Collado-Rivera and defense counsel continued to speak at the hearing.

The district court found that "[t]here has never been a time where it appeared Defendant discontinued consulting with his attorney, even through the conclusion of the July 1, 2019 hearing." (*Id.* at PageID 2316) Applying the *Mack* factors to the record of the hearing on remand, the district court concluded that "there was not good cause for substituting counsel for purposes of sentencing." (*Id.* at PageID 2317) This appeal followed.

## II.    ANALYSIS

### A.    Standard of Review

We review a district court's denial of an indigent defendant's motion to substitute counsel for abuse of discretion. *United States v. Mooneyham*, 473 F.3d 280, 291 (6th Cir. 2007).

### B.    Discussion

The Sixth Amendment provides a criminal defendant with the right to counsel. U.S. CONST. AMEND. VI.  However, "[a]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). In reviewing whether a district court has abused its discretion in denying a motion to substitute counsel, we consider: "(1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice." *Mack*, 258 F.3d at 556. In particular, the district court must "inquire into the source and nature of the conflict" that the defendant articulates. *United States v. Powell*, 847 F.3d 760, 778–79 (6th Cir. 2017).

This court has already determined, and the parties do not dispute, that the motion for substitution of counsel was timely.  *Collado-Rivera*, 759 F. App'x at 466.  Similarly, this court found, and there is no dispute, that the fourth factor of the *Mack* analysis was neutral.  *Id.* We therefore review the second and third *Mack* factors: the adequacy of the district court's inquiry into the motion, and the extent of the conflict between Collado-Rivera and his attorney.

For a district court's inquiry into the relationship between defendant and attorney to be considered adequate, "the district court simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it."  *United States v. Marrero*, 651 F.3d 453, 465 (6th

-5-

Cir. 2011). We previously determined that a district court sufficiently inquired into the matter when it "engaged in multiple lengthy discussions with [the defendant and his lawyer] that span many transcript pages regarding their alleged conflicts." *United States v. Vasquez*, 560 F.3d 461, 467 (6th Cir. 2009). When the district court allows the defendant, defense counsel, and the prosecutor "the opportunity to address the complaint at issue" and allows "all of the interested parties to present their respective evidence and arguments," the inquiry is adequate. *United States v. Saldivar-Trujillo*, 380 F.3d 274, 278 (6th Cir. 2004).

The discussion between Collado-Rivera, his attorney, and the prosecutor spans 34 transcript pages, and the district court allowed Collado-Rivera wide latitude to discuss the issues he was having with his attorney, whether they were directly related to sentencing or were background information concerning events leading up to trial. On multiple occasions, moreover, the court directed the attorney to respond to the complaints Collado-Rivera was making and counsel fully did so. The hearing record reveals that the district court's inquiry into the nature of the attorney-client relationship was adequate.

We turn next to the nature of the attorney-client relationship between Collado-Rivera and counsel. It is clear that "a defendant's differences of opinions with his attorney do not create a complete breakdown of communication that compromises his defense." *Marrero*, 651 F.3d at 466. A defendant's "dissatisfaction with the responses he got from his lawyer, not with the lack of opportunity or his inability to talk to his lawyer or contact his lawyer" does not constitute a complete breakdown in communication. *Saldivar-Trujillo*, 380 F.3d at 278 (cleaned up).

The hearing on remand demonstrated that Collado-Rivera had spoken to his attorney on May 24, 2017, about the potential for calling witnesses at the sentencing hearing. The two also discussed the attorney's memorandum in response to the pre-sentence report and additional

objections that Collado-Rivera wanted to file. The attorney refused to file the additional objections. The two next communicated on July 20, 2017, the date of the sentencing. Collado-Rivera's lawyer stated at the hearing on remand that he would file a notice of appeal if asked. The district court correctly concluded that though this evidenced a set of strategic disagreements, it did not constitute a complete breakdown of communication.

Collado-Rivera asserts that he was prejudiced by the failure of the district court to allow him to substitute counsel for the sentencing hearing because he was unable to call witnesses that would refute facts established at trial. But as the district court noted in the hearing, Collado-Rivera's sentence was well below guidelines range. It is far from clear that pursuing his alternative strategy would have resulted in a lower sentence. In any event, prejudice to the defendant is not an element of the analysis for the review of a motion to substitute counsel under *Mack*, and the argument on that point is better suited for review under 28 U.S.C. § 2255.

### III.    CONCLUSION

Because we find that the district court correctly applied *Mack* and did not abuse its discretion in determining that Collado-Rivera did not experience a complete breakdown in communication with his counsel, we **AFFIRM**.